IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19-cr-234-ECM |
| | ) | (WO) |
| JIMMY LAMAR BERRY | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Jimmy Lamar Berry ("Berry") was charged on September 13, 2019, in a second superseding indictment with three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and four counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. 29).

On October 25, 2019, Berry filed a motion to suppress all "evidence recovered as a result of the execution of a search warrant unsupported by probable cause, . . . along with all fruit of the poisonous tree of the initial search." (Doc. 38).   Berry challenges the sufficiency of search warrant issued on August 28, 2017 at 2:21 p.m.[1] (Doc. 52 at 9-10). Berry asserts that the search warrant was deficient because the "warrant affidavit did not support probable cause that Mr. Berry was involved in any criminal conduct, nor did it support probable cause that contraband or evidence would be found in a particular place– the subject residence, car or outhouses." (*Id*. at 2–3).

---

[1] While Berry does not directly challenge the search warrants issued on August 28, 2017 at 4:35 p.m., August 30, 2017, and July 11, 2019, he challenges those warrants as the fruits of the poisonous tree.   (Doc. 38 at 2-3).   Berry argues that because the first August 28, 2017 warrant lacked probable cause, the other warrants fail because they are based on that foundational warrant.   (*Id*. at 3).   Conversely, if the first August 28, 2017 warrant establishes probable cause, the challenge to the other warrants fail.

After an evidentiary hearing, the Magistrate Judge recommended the Defendant's motion to suppress be denied. (Doc. 62).   On June 30, 2020, Berry filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 64).   The government filed a response to the Defendant's objections, (doc. 70), and Berry filed a reply. (Doc. 75).   Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, (doc. 52), and for the reasons which follow, the Court concludes that the Defendant's objections are due to be OVERRULED and the motion to suppress is due to be DENIED

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*.   28 U.S.C. § 636(b)(1).   The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record.   *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).   "[A]lthough *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.*   If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the

proceeding.  *Id.*   In this case, the Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing.   It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects.   28 U.S.C. § 636(b)(1).

## DISCUSSION

The Defendant's objections fall broadly into two categories.  First, the Defendant objects to the Magistrate Judge's conclusion that the foundational search warrant was supported by probable cause.   Second, Berry argues that the Magistrate Judge unreasonably limited his cross-examination during the suppression hearing "in such a manner to render cross-examination meaningless." (Doc. 64 at 11).   According to Berry, the Court's rulings at the suppression hearing "obstructed [him] from establishing one of the exceptions to the Good Faith Exception applied to [his case]." (*Id.*).   The Court turns first to whether the warrant was supported by probable cause.

## A.     Probable Cause - Warrant

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV.   The Amendment protects individuals against unreasonable searches of "their persons [and] houses." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (alteration in original).   The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.   Probable

3

cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020).

Berry contends that the affidavit supporting the issuance of the search warrant did not establish probable cause. A court reviewing the issuance of a search warrant by a magistrate or state court judge is not to conduct a de novo probable cause determination, but is merely to decide whether the evidence viewed as a whole provided a "substantial basis" for the finding of probable cause at the time the warrant was issued. *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984) (per curiam); *Gates*, 462 U.S. at 236.

> The task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates,* 462 U.S. at 238–39 (alteration in original). Probable cause "is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" *United States v. Brundidge,* 170 F.3d 1350, 1352 (11th Cir. 1999). Suppression is only warranted if the affidavit supporting the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975).

The affidavit at issue provides the following information:

> On 8/23/2017 at approximately 1718 hrs., officers of the Dothan Police Department were notified of a shots fired call at 815 McKay Street[,] Dothan, Alabama.   Upon arrival officers observed the residence had multiple bullet holes in the exterior. Officers could also see a subject lying face down on the living room floor, deceased.   Officers observed the victim had at least one gunshot wound to the head.   Officers located multiple .223 caliber shell casings outside the residence.

> \*       \*       \*

> On 8/25/2017 at approximately 1600 hrs., Officers of the Dothan Police Department were notified of a victim arriving at Southeast Alabama Medical Center, with gunshot wounds. The victim was uncooperative but did state the shooting occurred in the 700 block of Monroe Street.   The victim also stated the suspect fled the scene into the back yard of 718 Monroe Street.

> Officers responded to the area and located 9mm shell casings in the roadway in front of 718 Monroe Street[,] Dothan, AL. While canvassing the area for leads, Officers noticed 718 Monroe Street had cameras on the exterior of the residence. Officers noted that at least one of the cameras on the residence points towards the area where the shooting occurred in the street and the shell casings were found at.

> On 08/28/2017 officers learned the suspect, ███████ had been dropped off in the 700 block of Monroe Street before the murder occurred on McKay Street on 08/23/2017.   Officers were told ██████ was seen speaking with people in front of the residence across from 718 Monroe Street.

(Doc. 40-2) (name blacked out in original).

The affidavit describes the location of the place to be searched (718 Monroe Street)

and the nature of the offense (firearm assault) for which there was a fair probability that

5

evidence would be found (on the surveillance equipment or on the property).    The affidavit links the residence to the firearm assault and was executed in close temporal proximity to the statement given by the victim.    Although Berry objects that the affidavit did not name him as a suspect, that was not required. "Probable cause to search a residence requires some nexus between the premises and the alleged crime." *United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013) (quoting *United States v. Bradley*, 644 F.3d 1213, 1263 (11th Cir. 2011)).    The affidavit detailed that the suspect in the firearm assault was seen fleeing into the back yard at 718 Monroe Street.    Evidence of shell casings was found at the residence.    The affidavit contained sufficient information that there was a fair probability that evidence of the firearm assault would be found at 718 Monroe Street, either on the premises or on the surveillance equipment.

Berry further argues that because the affidavit does not set forth the "veracity" and "knowledge" of the "victim," the Court should not have considered the victim's testimony in determining probable cause.    (Doc. 64 at 4-5).    Relying on *United States v. Martinelli*, 454 F.3d 1300 (11th Cir. 2006), the Magistrate Judge properly concluded that the uncooperative victim's evidence was corroborated by officer Faulkner's investigation. (Doc. 62 at 13).    While the victim may have been uncooperative, the victim was not confidential, unknown or anonymous.    *Martinelli*, 454 F.3d at 1307.

"Probable cause is not a high bar." *United States v. Delgado*, 981 F.3d 889, 897 (11th Cir. 2020) (internal quotation marks omitted).    "The mere probability or substantial chance of criminal activity is all that is needed." (*Id.*) (internal quotation marks omitted).

The Defendant's objections to the Report and Recommendation repeat his arguments from his motion to suppress, and, upon *de novo* review, the Court finds that the Recommendation adequately addressed those arguments and properly rejected them.   The Court concludes that the affidavit sufficiently demonstrates that probable cause existed for the search of 718 Monroe Street, Dothan, Alabama.

**B.   Good Faith Exception - *United States v. Leon,* 468 U.S. 897 (1984)**

Berry also objects that, regardless of the validity of the warrant, the Court should not have determined that *United States v. Leon*'s good faith exception applies to the search of the residence.   According to Berry, the Magistrate Judge improperly limited his cross-examination and he was prevented from "a meaningful challenge to the application of the good-faith exception." (Doc. 64 at 12; Doc. 75).

In *Leon*, the Supreme Court recognized a good faith exception to the exclusionary rule for searches conducted pursuant to warrants.   Observing that the purpose of the exclusionary rule is to deter unlawful police conduct, the Court found that this purpose would not be served, and the rule should not be applied, when officers engage in "objectively reasonable law enforcement activity." 468 U.S. at 918–19.   In particular, the Court held that the suppression of evidence would have no deterrent effect "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Id.* at 920.   Under *Leon*, searches conducted pursuant to warrants will rarely require suppression; however, the *Leon* court did identify four situations in which suppression would be appropriate.   *Id.* at 923.   These situations are:

(1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319 (1979)"; (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *Id.* at 923 (internal quotation marks omitted).

In his motion to suppress, Berry asserted that the *Leon* good faith exception would not apply because "[n]ot only is the warrant affidavit devoid of any probable cause, it is also clear that the Magistrate wholly abandoned his role as a neutral and detached judicial role in this case and was merely acting as a rubber stamp to law enforcement."   (Doc. 38 at 6).   At the suppression hearing, the government specified that it was asserting the good-faith exception under *Leon* in addition to its "arguments that the warrant was supported by probable cause." (Doc. 52 at 9).   Although Berry asserts that he was unable to properly cross-examine Officer Faulkner,[2] the Court disagrees.   The Magistrate Judge specifically advised defense counsel that it was "not restricting [her] in asking him repeatedly about

---

[2]   Officer Charles Faulkner is an investigator with the City of Dothan, Alabama Police Department and executed the affidavit which served as the foundation for the August 28, 2017 warrant at issue.   Officer Faulkner obtained the warrant from Houston County Circuit Judge Binford.   (Doc. 52 at 13–14).

different issues that [the witness] may have discussed" with Judge Binford.   (Doc. 52 at 38–39) (brackets added).   In addition, counsel was able to question the officer about his presentation of the warrant and affidavit to Judge Binford.   (*Id*. at 39–41; 45–46; 49–50; and 53).   While this Court reviews the disputed portions of the Magistrate Judge's Report and Recommendation *de* novo, the standard for reviewing the Magistrate Judge's determination of the scope of cross-examination is clear abuse of discretion. *United States v. Jeri*, 869 F.3d 1247, 1262 (11th Cir. 2017).   The Court has reviewed the transcript of the suppression hearing and finds that the Magistrate Judge did not abuse her discretion in exercising reasonable control over the manner of witness examination during the suppression hearing.

It is undisputed that the officers searched the residence at 718 Monroe Street only after securing a search warrant issued by Judge Binford.   The officers' reliance on the warrant was not so objectively unreasonable as to warrant suppression of any evidence subsequently seized.   *Leon*, 468 U.S. at 926. And in any event, the affidavit established probable cause.

After a *de novo* review, the Court concludes that the August 28, 2017 warrant was supported by probable cause.   The Court further finds that, based on the totality of the circumstances, the good faith exception provides additional support for denial of the motion to suppress.

For these reasons as stated, the Court concludes Berry's objections to the Recommendation are due to be overruled, and the Defendant's motion to suppress is due to be denied.

## CONCLUSION

Accordingly, it is

ORDERED that:

1. the Defendant's objections (doc. 64) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 62) is ADOPTED; and

3. the Defendant's motion to suppress (doc. 38) is DENIED.

Done this 26th day of May, 2021.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE